UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY MARK McCARTHY,

    Petitioner,

vs.

IVAN D. CLAY, Warden,

    Respondent.

No. C 07-3933 PJH (PR)

**ORDER TO SHOW CAUSE**

Petitioner, a California prisoner currently incarcerated at the Sierra Conservation Camp in Jamestown, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

Venue is proper because the conviction was obtained in Santa Clara County, which is in this district. *See* 28 U.S.C. § 2241(d).

**BACKGROUND**

A jury convicted petitioner of one count of arson of an inhabited structure. S*ee* Cal. Penal Code § 451(b). The jury found true allegations that he had used devices designed to accelerate the fire and to delay ignition, *see* Cal. Penal Code § 451.1(a)(5), and that he had intentionally caused damage exceeding $1 million, *see* Cal. Penal Code § 12022.6(a)(3). The conviction on the first count arose out of a fire that destroyed the home of petitioner's ex-wife's divorce lawyer. Petitioner was also convicted of one count of presenting a false and fraudulent insurance claim, *see* Cal. Penal Code § 550(a), regarding an unrelated fire at a karate studio that he owned. He was sentenced to seventeen years in prison, and was also ordered to pay restitution in excess of $2.3 million to the victims of the house fire and their insurers. *People* v. McCarthy, 2002 WL 1767612, *1 (Cal.App. 2002). Petitioner

unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California denied review.  His state habeas petitions were denied.

## DISCUSSION

*A.  Standard of Review*

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  Rule 2(c), Rules Governing Section 2254 Cases in the Federal District Courts, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" *Id.*, Rule 4 Advisory Committee Notes (quoting *Aubut* v. Maine, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

*B.  Legal Claims*

As grounds for federal habeas relief, petitioner asserts that:  (1) His Sixth Amendment right to trial by jury was violated by the sentencing court's selection of the upper term for his sentence based on facts not tried to the jury and found by it beyond a reasonable doubt; (2) his trial counsel was ineffective in not raising the first issue as to the sentences imposed; (3) his appellate counsel was ineffective because he "failed to rase on appeal a meritorious[] "Dead Bang" issue; (4) petitioner's claim as presented in issue one is based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which was decided before his conviction was final, so no retroactive application was necessary and the superior court

erred in denying his habeas petition on grounds that *Blakely v. Washington*, 542 U.S. 296 (2004), is not retroactive; and (5) even if his claim as set out in issue one requires retroactive application, it comes within an exception to *Teague v. Lane*, 489 U.S. 288 (1989), for watershed new rules, so the superior court erred in denying his state habeas petition.

In claim three petitioner has failed to "state facts that point to a 'real possibility of constitutional error,'" *see* Rule 4 Advisory Committee Notes (quoting *Aubut* v. Maine, 431 F.2d 688, 689 (1st Cir. 1970), because he provides no explanation of what the phrase "dead bang" might mean, and no further explanation of what he contends appellate counsel should have raised beyond that conclusory statement.  The claim will be dismissed.

Issues four and five will be dismissed because they are really arguments as to why the alleged constitutional violation by the sentencing court can be grounds for habeas relief, not independent grounds in themselves.  The arguments in those issues are applicable to whether this court should grant relief, and will be considered to that extent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Issues three, four and five are **DISMISSED**.

2. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

3

United States District Court

For the Northern District of California

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: August 27, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\MCCARTHY3933.OSC.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY M.MCCARTHY,<br><br>          Petitioner,<br><br>  v.<br><br>IVAN D. CLAY,<br><br>          Respondent. _____/ | Case Number: CV07-03933 PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 27, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gregory Mark McCarthy [P-74044] 59–07
Sierra Conservation Center
5150 O'Byrnes Ferry Road
Jamestown, CA 95327

Dated: August 27, 2007

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk