EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
MICHELE J. SWANSON, State Bar No. 191193
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5703
 Fax:  (415) 703-1234
 Email:  Michele.Swanson@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GREGORY MARK McCARTHY,<br><br>                                          Petitioner,<br><br>v.<br><br>IVAN D. CLAY, Warden,<br><br>                                          Respondent. | C 07-3933 PJH (PR)<br><br>**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY, SECOND OR SUCCESSIVE, AND FOR FAILURE TO EXHAUST STATE REMEDIES** |

Respondent hereby moves to dismiss the petition for writ of habeas corpus as untimely, as second or successive, and for failure to exhaust state court remedies.

A motion to dismiss in lieu of an answer on the merits is proper where the petition is procedurally defective. *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4, and Advisory Committee Notes; *see also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (motion to dismiss proper if time bar is clear from face of complaint).

Mot. to Dismss Pet. for Writ of Hab. Corpus as Untimely, Second or Successive, and         McCarthy v. Clay, Warden
for Failure to Exhaust State Remedies                                                                                              C 07-3933 PJH (PR)

1

We have not noticed a hearing date because petitioner is an incarcerated state prisoner who is representing himself in this case.

## STATEMENT OF THE CASE

On January 5, 2000, a jury found petitioner guilty of arson of an inhabited structure, use of a delay device and an accelerant, and filing a false insurance claim in Santa Clara County Superior Court case number C9813371. Petition at 2. The jury also found that petitioner caused more than one million dollars in damage. *Id.* On March 13, 2000, the trial court sentenced petitioner to 17 years in state prison. *Id.*

The California Court of Appeal affirmed the judgment on July 31, 2002. Petition at 5. Petitioner filed a petition for review in the California Supreme Court, which was denied on October 23, 2002. *Id.*; *see also* Exh. 1.

Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on June 9, 2003. Petition at 6; *see also* Exh. 2. The petition was denied on February 18, 2004. Petition at 6; *see also* Exh. 2.

On June 21, 2004, petitioner filed a petition for writ of habeas corpus in this Court in case number C 04-2458 PJH (PR), challenging the judgment in case number C9813371. Petitioner raised the following issues: (1) his due process rights were violated by admission of evidence of his threats to his wife and her lawyer; (2) his freedom of speech and due process rights were violated by admission of evidence of various books he possessed; (3) his confrontation and due process rights were violated by admission of certain evidence from his former girlfriend and nephew, and by the trial court's limits on his cross-examination of them; (4) his rights to a jury trial and due process were violated by the trial court's refusal to give an instruction explicitly telling the jury that in evaluating credibility, it could consider whether a witness was testifying under a grant of immunity; (5) his due process rights were violated by the trial court's jury instruction defining "reasonable doubt"; (6) his due process rights were violated by the trial court's giving CALJIC No. 17.41.1, which instructs jurors to report if any juror refuses to deliberate or expresses an intention not to follow the law or to decide the case on any improper basis; (7) his trial counsel was ineffective in

Mot. to Dismss Pet. for Writ of Hab. Corpus as Untimely, Second or Successive, and    McCarthy v. Clay, Warden
for Failure to Exhaust State Remedies                                                                                    C 07-3933 PJH (PR)

2

specified ways; and (8) the above "errors" cumulatively denied him a fair trial. The case is still pending.

On February 16, 2007, petitioner filed a petition for writ of habeas corpus in Santa Clara County Superior Court, which was denied on March 1, 2007. Petition at 6A. On June 1, 2007, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which was denied on June 22, 2007. Petition at 6A.

On July 31, 2007, petitioner filed the instant federal habeas petition, again challenging the judgment in case number C9813371, and raising five new claims. On August 27, 2007, the Court dismissed claims three through five, and issued an order to show cause on the remaining two claims. The following is our response.

## ARGUMENT

### I.

### THE PETITION SHOULD BE DISMISSED AS UNTIMELY

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), petitioner had one year from the date his state judgment became final by the conclusion of direct review to file a habeas corpus petition in federal court. 28 U.S.C. § 2244(d)(1)(A). The California Supreme Court denied petitioner's petition for review on October 23, 2002. Petitioner's state judgment therefore became final 90 days later, on January 21, 2003. *See Bowen v. Roe*, 188 F.3d 1157 (1999) (following denial of a petition for review by the California Supreme Court, finality includes the 90-day period during which a petition for certiorari may be filed).

Under AEDPA's statute of limitations, petitioner had until January 21, 2004, to file a federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). However, the AEDPA allows tolling during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). Accordingly, petitioner's habeas filing in the California Supreme Court, which was pending from June 9, 2003 to February 18, 2004, tolled the statute for 254 days. The AEDPA filing deadline was therefore extended to October 1, 2004.

The statute was not tolled during the pendency of petitioner's subsequent habeas filings in the state superior court and court of appeal, however, because both actions were filed in 2007, well after the AEDPA deadline. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Nor was the statute tolled by petitioner's first federal habeas petition. *Duncan v. Walker*, 533 U.S. 167 (2001). Accordingly, petitioner had until October 1, 2004 to file a federal habeas petition.

Petitioner filed the instant federal habeas petition on July 31, 2007, almost three years after the AEDPA filing deadline. The petition is therefore untimely, and should be dismissed with prejudice.

## II.

### THE PETITION SHOULD BE DISMISSED AS SECOND OR SUCCESSIVE

As noted above in the Statement of the Case, petitioner has two federal habeas actions currently pending in this Court challenging the same criminal judgment. Under federal jurisprudence, however, second or successive federal habeas petitions are prohibited. *McCleskey v. Zant*, 499 U.S. 467, 489 (1991).

Petitioner filed the instant petition after the effective date of the AEDPA. Accordingly, this Court's jurisdiction to hear the petition is governed by the AEDPA's rules regarding second or successive habeas corpus petitions. The adoption of 28 U.S.C. § 2244(b) as a part of the AEDPA forecloses prisoners from filing multiple habeas corpus petitions without satisfying strict statutory requirements.

"Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001). Before a petitioner may file a second or successive petition, he must make a "prima facie showing" to the Court of Appeals that he has satisfied the requirements of 28 U.S.C. §§ 2244(b), and receive authorization from the Court of Appeals to proceed in the district court.

Mot. to Dismss Pet. for Writ of Hab. Corpus as Untimely, Second or Successive, and for Failure to Exhaust State Remedies

McCarthy v. Clay, Warden
C 07-3933 PJH (PR)

4

1  *Thompson v. Calderon*, 151 F.3d 918, 924 (9th Cir. 1998). The Court of Appeals may authorize the

2  filing of a second or successive petition only upon a showing that:

> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

8  28 U.S.C. § 2244(b)(2)(A)-(B). The district court has no jurisdiction to hear the merits of a second

9  or successive petition unless the Court of Appeals has granted a petitioner permission to file such

10 a petition. *See* 28 U.S.C. § 2244(b)(3); *Cooper v. Calderon*, 274 F.3d at 1274 (stating that district

11 courts lack jurisdiction to consider unauthorized successive petitions).

12     Petitioner's first petition has been briefed on the merits and is currently pending before this

13 Court. *See, e.g., Bryant v. Carey*, No. C 03-4687 MMC (PR), 2003 WL 22964377 (N.D. Cal. Dec.

14 11, 2003). That petition raises claims pertaining to petitioner's convictions in case number

15 C9813371. Petitioner's new petition, which brings additional claims relating to case number

16 C9813371, is therefore a second or successive petition. *See Bryant v. Carey*, 2003 WL 22964377.

17 Accordingly, petitioner cannot bring it without authorization from the Ninth Circuit Court of

18 Appeals. *See id.* Because no such authorization appears in the present case, this Court cannot

19 consider the present petition, and it must be dismissed.

20

21                                              **III.**

22     **THE PETITION SHOULD BE DISMISSED FOR FAILURE TO EXHAUST STATE COURT REMEDIES**

23

24     A state prisoner is required to exhaust his state court remedies before filing a federal

25 habeas petition. *See Duncan v. Henry*, 513 U.S. 364 (1995) (per curiam); 28 U.S.C. §

26 2254(b)(1)(A). "A petitioner has satisfied the exhaustion requirement if (1) he has 'fairly presented'

27 his federal claim to the highest state court with jurisdiction to consider it, or (2) he demonstrates that

28 no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).

In his petition, petitioner alleges that he exhausted his current two claims in the state superior court and court of appeal, but does not allege that he exhausted his claims in the state supreme court. *See* Petition at 6A. Moreover, a search of the California Supreme Court's website reveals that petitioner did not file a habeas petition with the supreme court after denial of his habeas petitions by the superior court and court of appeal. Accordingly, because petitioner did not first present his claims to the highest court of the state, his petition must be dismissed for a failure to exhaust state court remedies. A wholly unexhausted petition can only be dismissed, as opposed to held in abeyance. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) ("respondent's habeas petition should have been dismissed if state remedies had not been exhausted as to any of the federal claims"); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (district court is obligated to dismiss immediately where the petition contains no exhausted claims). In any event, any future exhausted petition would be even more untimely, so abeyance would be unwarranted. *See Rhines v. Weber*, 544 U.S. 269 (2005).

Mot. to Dismss Pet. for Writ of Hab. Corpus as Untimely, Second or Successive, and for Failure to Exhaust State Remedies

McCarthy v. Clay, Warden
C 07-3933 PJH (PR)

6

**CONCLUSION**

Accordingly, respondent respectfully requests that the petition be dismissed with prejudice.

Dated: December 21, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

/s/ Michele J. Swanson
MICHELE J. SWANSON
Deputy Attorney General
Attorneys for Respondent

40199901.wpd
SF2007402359

Mot. to Dismss Pet. for Writ of Hab. Corpus as Untimely, Second or Successive, and for Failure to Exhaust State Remedies

McCarthy v. Clay, Warden
C 07-3933 PJH (PR)

7

# EXHIBIT 1

# CALIFORNIA APPELLATE COURTS
## Case Information



**Supreme Court**     Change court

Supreme Court
Welcome
Search
E-mail
Calendar
Help
Opinions
C|C home

Court data last updated: 12/21/2007 02:53 PM

Case Summary    Docket    Briefs
Disposition    Parties and Attorneys    Lower Court

## Docket (Register of Actions)

**PEOPLE v. MCCARTHY**
Case Number S109690

| Date | Description | Notes |
|---|---|---|
| 09/09/2002 | Petition for review filed | by counsel for Appellant Gregory M. McCarthy |
| 09/09/2002 | Record requested | |
| 09/11/2002 | Received Court of Appeal record | two boxes |
| 10/01/2002 | Change of contact information filed for: | counsel for appellant |
| 10/23/2002 | Petition for review denied | |

Click here to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

**EXHIBIT 2**

# CALIFORNIA APPELLATE COURTS
## Case Information



**Supreme Court**

Supreme Court
Welcome
Search
E-mail
Calendar
Help
Opinions

C|C home

Change court

Court data last updated: 12/21/2007 03:53 PM

Case Summary   Docket   Briefs
Disposition   Parties and Attorneys   Lower Court

### Docket (Register of Actions)

**MCCARTHY (GREGORY M.) ON H.C.**
Case Number S116509

| Date | Description | Notes |
|---|---|---|
| 06/09/2003 | Petition for writ of habeas corpus filed | By petitioner in pro per |
| 06/11/2003 | Received: | Certificate of word count by atty for pertitioner |
| 02/18/2004 | Petition for writ of habeas corpus denied | |

**Click here** to request automatic e-mail notifications about this case.

©2007 Judicial Council of California